**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com

**NATHAN & ASSOCIATES, APC**
Reuben D. Nathan, Esq. (State Bar No. 208436)
600 W. Broadway, Suite 700
San Diego, California 92101
Tel: (619) 272-7014
Fax: (619) 330-1819
Email: rnathan@nathanlawpractice.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN ANDERSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEXA MORTGAGE, LLC,<br><br>Defendant. | Case No.   8:24-cv-619<br><br>**CLASS ACTION COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

Plaintiff Dustin Andersen ("Plaintiff"), on behalf of himself and all others similarly situated, allege the following on information and belief against NEXA Mortgage, LLC ("Defendant" or "NEXA") regarding its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") for unsolicited text messages to consumers on the National Do-Not-Call Registry.

## JURISDICTION AND VENUE

1.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

2.      This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within California, such that it has significant, continuous, and pervasive contacts with the State of California.

3.      Venue is proper in this District under 28 U.S.C. § 1391(b) because the cause of action accrued in this District.

## PARTIES

4.      Plaintiff Dustin Andersen is a resident and citizen of Irvine, California.

5.      Defendant NEXA Mortgage, LLC is an Arizona limited liability company whose principal office is located in Chandler, Arizona.  NEXA transacts business throughout the United States, including in California and in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

6.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

7.      Among other things, the TCPA, through implementing regulation, 47 C.F.R. § 64.1200(c)(2), provides that "No person or entity shall initiate any telephone solicitation [to] . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

1        8.     "[W]ireless subscribers who ask to be put on the national do-not-call

2 list" are presumed to be "residential subscribers." *In Re Rules & Reguls.*

3 *Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039

4 (2003).

5        9.     On December 13, 2023,  the Federal Communications Commission

6 confirmed that "Texters must have the consumer's prior express invitation or

7 permission before sending a marketing text to a wireless number in the DNC

8 Registry." *In the Matter of Targeting & Eliminating Unlawful Text Messages Rules*

9 *& Reguls. Implementing the Tel. Consumer Prot. Act of 1991 Advanced Methods to*

10 *Target & Eliminate Unlawful Robocalls*, 2023 WL 8826682, at *7 (Dec. 18, 2023)

11 (noting that this action is "consistent with federal court opinions" and citing cases,

12 including *Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983, 986 (9th Cir. 2023)).

13        10.    Plaintiff's cellular telephone number has been listed on the National Do-

14 Not-Call Registry since December 16, 2019.

15        11.    Prior to the calls at issue in this action, Plaintiff had no relationship

16 whatsoever with Defendant and never had any contact with Defendant.  Plaintiff has

17 never consented in writing, or otherwise, to receive text messages from Defendant.

18 Plaintiff has never provided Defendant with his cellular telephone number.

19        12.    Nevertheless, Defendant sent text messages to Plaintiff on at least three

20 occasions in order to market NEXA's mortgage lending products.

21        13.    On March 11, 2024, Defendant sent Plaintiff the following text

22 message:

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

> Hi Dustin, the next big thing in mortgage lending is here! NEXA Mortgage LLC, America's largest mortgage broker, is now offering Mortgage Banking to select Loan Officers and Branch Managers. As a Mortgage Banker, you can offer better correspondent pricing and earn higher commissions by charging what YOU want on the front and back end without having to disclose your compensation.
>
> * The cost is 25 bps that you can charge as an Admin Fee.
>
> * This includes our Warehouse lines, Compliance and Support.
>
> * Keep 100% of the commission which can be paid 1099 or W2.
>
> * Choose from over 40 of the nation's top investors, including UWM and Pennymac.
>
> * NEXA can assist your processor with the disclosures and funding documents.
>
> Please reply "yes" to receive more information including pricing or "stop" to be removed.

17        14.     That same day, Defendant sent Plaintiff the following text message:

18
19
20
21



22
23
24
25

> The following is a sample of our government FHA loan pricing today at 5.5%. VA pricing is about the same. Compare with your current pricing today.
>
> Text "yes" for more info or "stop" to be removed.

26
27
28

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                    3

15.    The next day, on March 12, 2024, 2024, Defendant sent Plaintiff the following text message:

NEXA Mortgage has made Mortgage Banking as easy as brokering without the broker fee restrictions.

Brokers must choose between borrower and lender paid compensation and are capped at 275 bps.  Lenders are not capped and can charge as much as they want without having to disclose their compensation. You choose the investor and the amount you want to make on each loan, and you keep 100% of the commission.

Please reply 'Yes' for more information or 'Stop' to be removed.

16.    The day after that, on March 13, 2024, Defendant called Plaintiff and left him the following voicemail: "Hi, this is Tom Dugan, Recruiting Manager with NEXA Mortgage.  I'm calling to follow up on the text messages I sent you recently and to give you the password to our pricing engine so you can log in and compare our rates whenever you like.  Please call me at (949) 731-9540.  Again, this is Tom Dugan with NEXA Mortgage, (949) 731-9540."

## CLASS ALLEGATIONS

17.    Plaintiff brings this action on behalf of himself, and all other persons similarly situated.

18.    **Class Definition**: Plaintiff brings this Complaint against Defendant, pursuant to Federal Rule of Civil Procedure 23, individually and on behalf of a class defined as:  All persons in the United States who: (a) more than one text message initiated by Defendant to promote products or services; (b) in a 12–month period; (c) more than 30 days after registering their telephone number(s) on the National Do Not Call Registry; and (d) at any time in the period that begins four years before the

filing of the complaint in this action to the date that class notice is disseminated.

19.    Plaintiff represents, and is a member of, the proposed Class.  Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

20.    **Numerosity.**  Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the Class is so numerous that individual joinder would be impracticable.

21.    **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of nuisance and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing text messages, and violations of their statutory rights.

22.    The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

23.    The proposed Class can be identified easily through records maintained by Defendant and its employees and agents.

24.    There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class.  Those common question of law and fact include, but are not limited to, the following:

      a.  Whether Defendant and/or Defendant's agent was permitted to text class members for marketing purposes;

      b.  Whether Defendant's conduct was knowing and/or willful;

c. Whether Defendant is liable for damages, and the amount of such damages; and

d. Whether Defendant should be enjoined from engaging in such conduct in the future.

25. **Typicality.** Plaintiff asserts claims that are typical of each member of the Class because they are all persons who received pre-recorded calls on their telephones without their prior express written consent. Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed class.

26. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed Class.

27. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

28. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy.

29. Classwide relief is essential to compel Defendant to comply with the TCPA.

30. The interest of the members of the proposed Class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

31. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

32. Defendant has acted on grounds generally applicable to the proposed

Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Class as a whole appropriate.

33.     Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I
### Knowing and/or Willful Violations of The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

34.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.  Plaintiff brings this claim individually and on behalf of the Class against Defendant.

35.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

36.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

37.     Plaintiff and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

38.     Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## COUNT II
### Violations of The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

39.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.  Plaintiff brings this claim individually and on behalf of the Class against Defendant.

40.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

41.    As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Class are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

42.    Plaintiff and members of the proposed Class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

43.    Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Class the following relief against Defendant:

(a)    Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

(b)    As a result of Defendants' willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

(c)    As a result of Defendants' violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

(d)    An award of attorneys' fees and costs to counsel for Plaintiff and the proposed Class;

(e)    An order certifying this action to be a proper class action pursuant to

1    Federal Rule of Civil Procedure 23, establishing appropriate the Class,

2    finding that Plaintiff is a proper representative of the Class, and

3    appointing the lawyers and law firm representing Plaintiff as counsel for

4    the Class; and

5    (f)    Granting such other and further relief as the Court may deem just and

6    proper.

7    ## JURY DEMAND

8    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by

9    jury of any and all issues in this action so triable of right.

10

11    Dated:  March 22, 2024                Respectfully submitted,

12                                          **BURSOR & FISHER, P.A.**

13

14                                          By:  ____/s/ *L. Timothy Fisher*____
15                                               L. Timothy Fisher

16                                          L. Timothy Fisher (State Bar No. 191626)
17                                          1990 North California Boulevard, Suite 940
                                            Walnut Creek, CA  94596
18                                          Telephone: (925) 300-4455
                                            Facsimile:  (925) 407-2700
19                                          E-Mail: ltfisher@bursor.com

20                                          **NATHAN & ASSOCIATES, APC**
21                                          Reuben D. Nathan, Esq. (State Bar No. 208436)
                                            600 W. Broadway, Suite 700
22                                          San Diego, California 92101
                                            Tel: (619) 272-7014
23                                          Fax: (619) 330-1819
                                            Email: rnathan@nathanlawpractice.com

24                                          *Counsel for Plaintiff*

25

26

27

28